**Stephanie C. BROWN, Appellant,**

v.

**REED ELSEVIER INC; Jack Wolfe; Eileen Purelis.**

**No. 02–2816.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 21, 2003.

Decided Aug. 22, 2003.

---

James H. Rollyson, Rollyson & Nisenson, East Brunswick, NJ, for Appellant.

Robert H. Bernstein, Epstein, Becker & Green, Newark, NJ, for Appellees.

Before ALITO, and FUENTES, Circuit Judges, and SURRICK,* District Judge.

## OPINION OF THE COURT

PER CURIAM.

In January 2000, Stephanie C. Brown was dismissed from her managerial position in the Credit Collections Department at Reed Elsevier Inc., New Providence, New Jersey ("RENP"). Brown then filed a complaint in New Jersey Superior Court, asserting claims against RENP and two of

---

* The Hon. R. Barclay Surrick, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

its senior managers[1] under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. 10:5–1 *et seq.*, and the New Jersey Conscientious Employee Protection Act ("NJCEPA"), N.J.S.A. 34:19–2, as well as claims for breach of contract, breach of the covenant of good faith and fair dealing, wrongful discharge, and misrepresentation. Brown's complaint focused on the purportedly poor performance of an employee in the Credit Collections Department whom Brown had hired in August 2000 and who was terminated along with Brown in January 2000. Brown claimed that RENP's failure to sanction or dismiss this employee at an earlier point had led to "additional work burdens [being] unnecessarily placed upon [Brown] directly impacting on the condition of her physical and mental health." Brown further claimed that "[a]s a result of work-related stress and anxiety imposed by [RENP] ... [she] developed coronary disease and [was] treated by a psychiatrist for anxiety and depression." On RENP's motion, Brown's complaint was removed to the United States District Court for the District of New Jersey. The District Court granted RENP's motion for summary judgment on all counts. Addressing Brown's NJLAD claim that she had been terminated because of handicap, the Court noted that "the exact basis of [Brown's] alleged handicap—whether workplace stress or the complex of symptoms flowing from that stress—remains largely indecipherable from [Brown's] complaint, arguments and presented evidence." However, the Court granted summary judgment against Brown on that claim on the ground that Brown had "not pointed to any evidence raising a genuine issue about

[RENP's] articulated legitimate nondiscriminatory reason [for Brown's dismissal]." The Court granted summary judgment on the remaining claims on grounds not relevant here.

On appeal, Brown argues that the District Court erred in granting summary judgment on her NJLAD claim because there was a genuine issue of fact as to whether her termination was pretextual. Brown further contends that the District Court erred when it denied her motion for reconsideration in the face of previously overlooked evidence showing that RENP's explanation was a mere pretext that masked a discriminatory purpose.

Both the standard for granting summary judgment and the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which applies under the NJLAD, *Erickson v. Marsh & McLennan Co., Inc.*, 117 N.J. 539, 569 A.2d 793, 798–99 (1990), are familiar and need not be restated. Brown's argument in this appeal centers on the final step at which the plaintiff must point to evidence that raises a genuine issue as to whether the employer's asserted reason for the adverse action was the real reason. The District Court, as noted, held that the evidence on which Brown relied was insufficient under this standard, and we agree.

■ RENP claimed that Brown was terminated as a legitimate cost-cutting measure. RENP offered evidence that the decision to terminate Brown resulted from the reduction in revenue, over a three year period, in three of its divisions. RENP offered further evidence that the majority of Brown's work was related to the division that had experienced the big-

---

1. The complaint named Brown's former supervisor, John G. Wolfe, the senior manager in charge of the Credit Collections Department, and RENP's Vice President of Human Resources, Eileen Purelis.

gest drop in revenue; that the number of employees supervised by Brown had dropped from 14 to 9; that, with the exception of her manager, Brown was the highest paid member of the Credit Collections Department; and that, following Brown's dismissal, her duties were performed by other, remaining group members.

In view of this evidence, the evidence on which Brown relies is insufficient to show pretext. For example, Brown points to data showing that accounts receivable increased, but accounts receivable are not the same as revenue, and in the face of the evidence in the record about revenue, these data are insufficient to defeat summary judgment. Brown also points to a memo stating that "revenue and profit goals were exceeded," but this memo did not refer to the division for which Brown performed almost all of her duties, and it is insufficient standing alone in light of the other financial information in the record. Considering the summary judgment record as a whole, we must agree with the District Court that Brown did not raise a genuine issue as to pretext.[2]

■ As a general matter, we review the District Court's denial of a motion for reconsideration for an abuse of discretion. *Koshatka v. Philadelphia Newspapers, Inc.,* 762 F.2d 329, 333 (3d Cir.1985). However, "[w]here a district court's denial of a motion to reconsider is based upon the interpretation of legal precepts ... our review of the lower court's decision is plenary. But, to the extent that the district court's order was based on a factual conclusion, we review under a 'clearly errone-

ous' standard." *North River Ins. Co. v. CIGNA Reins., Co.,* 52 F.3d 1194, 1203 (3d Cir.1995). Under the District Court's Local Rule 7.1(g), a motion for reconsideration "may be granted if: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Id.* at 1218. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985).

Brown argues that the District Court overlooked evidence that demonstrated that the supposedly legitimate business reason proffered by RENP was a mere pretext that masked a discriminatory purpose. Brown is incorrect. In her motion for reconsideration, Brown merely offered evidence that was already before the Court and reiterated her claim that the reason offered by RENP was a mere pretext. Brown did not demonstrate that there had been "an intervening change in the controlling law," that "evidence not previously available ha[d] become available," or that the District Court's decision was based on "a clear error of law" or resulted in "manifest injustice." *North River Insurance Co.,* 52 F.3d at 1218. On the contrary, as noted, the decision was sound. We thus conclude that the District Court did not err in denying reconsideration.

In sum, we have considered all of Brown's arguments and see no basis for

---

**2.** Because we hold that the District Court did not err in its determination that Brown failed to discredit RENP's explanation that her dismissal was a legitimate cost-cutting measure, we do not need to consider whether Brown's claim that she was handicapped as a result of workplace stress established an element of a

prima facie claim under the NJLAD. Similarly, we do not need to consider Brown's argument that the District Court impermissibly asked her for additional information after she had established a prima facie case of employment discrimination. Appellant's Br. at 21.

reversal. The judgment of the District Court is, therefore, affirmed.